```
        IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                    DIVISION OF ST. CROIX
```

**ISAIAH FAWKES,**             ) **D.C. CR. NO. 2004-172**
      Petitioner,     )
                         ) Ref.: D.C. CV. No. 2009-102
    v.                           )
                         )
**UNITED STATES OF AMERICA**,   )
      Respondent.      )
_____ )

**Copies to:**
    George W. Cannon, Jr., Magistrate Judge
    Eric Chancellor, Esq.
    Alphonso Andrews, AUSA
    Jerry D. Massie, AUSA
    Isaiah Fawkes, Reg. No. 07497-094, MDC Guaynabo, P.O. Box
    2005, Cataño, PR 00963-2005 (PLEASE MARK: "Legal Mail")

## MEMORANDUM OPINION

**FINCH, Senior Judge.**

Before the Court for consideration is Petitioner Isaiah Fawkes' (Fawkes") *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 and the government's motion to dismiss as untimely.

### I. FACTS AND PROCEDURAL HISTORY

Fawkes pled guilty to distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1) (Count 2) and possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g), 924(a)(2) (Count 9). Under the Plea Agreement Fawkes could be sentenced to no less than ten years on Count 2 (the range being 10-40 years) and no more than ten years on Count 9, and the parties further "reserve[d] the right to appeal any sentence imposed."

(Respondent's Ex. 1, Plea Agreement at 5, ¶ 3(b).)  Fawkes was sentenced on July 26, 2006 to a term of imprisonment of ten (10) years on Count 2 and eighty-seven (87) months on Count 9, to run consecutively, and eight (8) years supervised release.  Fawkes was advised at sentencing that he had ten days from the entry of the judgment within which to file a notice of appeal.  No appeal followed.

Then, in a letter to the Court filed on December 8, 2009, more than three (3) years after he was sentenced, Fawkes alleged that both he and his family had requested that his counsel, Jomo Meade, Esq., ("Meade") file a notice of appeal.  Fawkes requested that the Court send him a copy of the notice of appeal and the filing date for appellant's brief.  In a December 9, 2009 response, the Court informed Fawkes that an appeal had not been filed on his behalf; sent him the form for filing a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255; and set forth the statute of limitations for filing a section 2255 motion.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-32, § 105, amended section 2255 to impose a one-year limitation period on the filing of section 2255 motions.  Accordingly, the statute of limitations begins to run from the latest of:

> (1) the date on which the judgment becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the

*Fawkes v. USA*
D.C. CR. NO. 2004-172
Memorandum Opinion
Page 3

>       constitution or laws of the United States is removed;
>
>       (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>       (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255, ¶ 6.

## II. DISCUSSION

Fawkes is now before the Court on a *pro se* motion pursuant to section 2255 alleging ineffective assistance of counsel, namely: 1) that he instructed Meade to file a direct appeal, but no appeal was taken; 2) that Meade told both Fawkes and his family that his appeal was being taken care of; 3) that as a result of Meade's failure to file an appeal, his conviction did not become final; and 4) that he was prejudiced by Meade's failure to appeal his sentence, because he lost his right to directly appeal his sentence under the U.S. Sentencing Guidelines ("Guidelines"), and he is precluded from raising Guidelines issues in a collateral proceeding under § 2255. Fawkes, therefore, argues that he is entitled to "an out-of-time appeal" without having to show that there are any viable grounds for such appeal. (2255 Mot. at 5.)

The Court ordered that Fawkes set forth in writing any reasons why his § 2255 motion should not be dismissed as untimely. On the

*Fawkes v. USA*
D.C. CR. NO. 2004-172
Memorandum Opinion
Page 4

issue of timeliness, Fawkes argues that: 1) he did not know before December 2009 that an appeal had not been filed; 2) although he pled guilty, he did not waive any of his appellate rights; and 3) the delay in filing the § 2255 stemmed from Meade "abdicat[ing] his duty," "misleading" and "deceiving" him into believing that the appellate process was underway. (Fawkes' Timeliness Mot./Resp. at 1.)

The government notes at the outset that "an attorney's failure to file a notice of appeal after being instructed to do so by his client constitutes ineffective assistance entitling petitioner to section 2255 relief, no inquiry into prejudice or likely success on appeal being necessary." (Gov't Response at 3 (citations omitted).) Nonetheless, the government argues that Fawkes "must demonstrate that he made his desire to appeal evident to his attorney through an explicit instruction," and a "bare assertion" that he made such a request "is not sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition." (*Id.* (citations omitted).) The Government further argues that while there is no indication Fawkes made an appeal request to his counsel, even if the Court were to assume that he did make such request, Fawkes should have been more diligent in pursuing his appeal. Lastly, the Government argues, the fact that Meade has been representing Fawkes

*Fawkes v. USA*
D.C. CR. NO. 2004-172
Memorandum Opinion
Page 5

in another criminal matter, D.C. CR. No. 2007-042, for the past five years, gave Fawkes "countless opportunities" to inquire of Meade whether an appeal had been filed, and supports a finding that there is no plausible excuse for Fawkes' failure to come to the Court sooner to inquire about the status of his appeal. The Government, therefore, seeks dismissal of Fawkes' § 2255 motion as untimely.

## A. Applicable Legal Standards

The Third Circuit has held that a district court must hold an evidentiary hearing on a § 2255 motion asserting ineffective assistance for failure to file a direct appeal when the files and records of the case do not conclusively show that the petitioner is not entitled to relief. *United States v. McCoy*, 410 F.3d 124 (3d Cir. 2005). At an evidentiary hearing held on August 25, 2011, the issues before the Court were:

> 1) whether Fawkes requested that Jomo Meade, Esq. ("Meade") file an appeal on his behalf; and
>
> 2) whether good cause exists for Fawkes' failure to pursue his appeal and/or the instant § 2255 motion in a timely manner.

The burden of proof at the evidentiary hearing rests with petitioner Fawkes. *See, e.g., Casseday v. United States,* 763 F. Supp. 2d 42 (D.D.C. 2011) (holding that by failing to present evidence at the evidentiary hearing, Casseday failed to satisfy his burden of proof with respect to his claims that his counsel was

Case: 1:04-cr-00172-RLF-GWC   Document #: 105   Filed: 09/09/11   Page 5 of 11

*Fawkes v. USA*
D.C. CR. NO. 2004-172
Memorandum Opinion
Page 6

ineffective for failing to file an appeal); *United States v. Graham*, 179 Fed. Appx. 528 (10th Cir. 2006) (remanding for an evidentiary hearing where the Petitioner will have the burden to prove that his counsel's ineffective assistance rendered his guilty plea involuntary).

The Supreme Court held in *Roe v. Flores-Ortega,* 528 U.S. 470 (2000), that the *Strickland v. Washington,* 466 U.S. 668 (1984) standard is appropriate in cases involving counsel's failure to file a direct appeal. *Flores-Ortega,* 528 U.S. at 480. To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that: (1) his counsel's performance fell below an objective standard of reasonableness, and (2) there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Strickland,* 466 U.S. at 686. The Supreme Court has "long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Flores-Ortega*, 528 U.S. at 477. Moreover, "if such allegations were true, there was a presumption of prejudice because the petitioner was deprived of an appellate proceeding altogether." *Id*. at 483.

B. **Application of Law to Facts**

At the evidentiary hearing, Fawkes testified that on the day

*Fawkes v. USA*
D.C. CR. NO. 2004-172
Memorandum Opinion
Page 7

of sentencing, while still in the courthouse, he asked Meade if he was going to appeal his sentence and Meade said "no," because the Judge had not gone outside the U.S. Sentencing Guidelines. Fawkes, nonetheless, says he believed that an appeal had been filed because he told Meade to file one. Fawkes further explained that although Meade was appointed to represent him in yet another criminal matter in 2005 (CR. NO. 2005-028 and related case CR. NO. 2007-042) commonly referred to as "the Alaska case" throughout the testimony, his attempts to get information from Meade about the appeal were unsuccessful.

Meade testified, on the other hand: 1) that at no time after the sentencing did he have any discussion with Fawkes about filing an appeal; 2) that Fawkes neither asked nor told him to file an appeal of his sentence; 3) that Fawkes never asked about the appeal; 4) that Fawkes neither said nor did anything to indicate that he wanted to appeal; 5) that the first he learned of Fawkes wanting an appeal of the sentence when the Court sent him a copy if Fawkes December 2009 letter of inquiry; 6) that he recognized that the client has the ultimate decision in whether to file an appeal; and 7) that if he had been asked, he would have filed the notice of appeal, then filed a motion to withdraw because he did not think the appeal would have merit. On cross examination by Eric Chancellor ("Chancellor"), appointed counsel for Fawkes, Chancellor

*Fawkes v. USA*
D.C. CR. NO. 2004-172
Memorandum Opinion
Page 8

inquired whether Meade, in discussing the plea agreement, advised Fawkes at any time that he could only appeal the sentence if the judge sentenced him outside the Guideline range. Meade testified that if the judge sentenced Fawkes within the Guidelines range, but failed to consider the 18 U.S.C. § 3553(a) sentencing factors, then he would have grounds for an appeal arguing that the judge abused his discretion by failing to consider the factors, but that was not the case here. On cross examination by Chancellor, Meade said he did not know whether Fawkes would have a right to appeal if he was sentenced within the Guideline range.

The question here is whether Fawkes directed Meade to file an appeal, but Meade failed to comply. If the Court finds that Fawkes did ask Meade, then Fawkes' Sixth Amendment right to counsel was violated by Meade's failure to act, and prejudice is presumed. *See, e.g., Solis v. United States*, 252 F.3d 289, 294 (3d Cir. 2001).

Having had the opportunity to listen to the testimony and weigh the credibility of the witnesses at the evidentiary hearing, the Court simply cannot find that Fawkes made his desire to appeal evident to his attorney through an explicit instruction. Fawkes testified that he was brought to St. Croix twice in 2007 for proceedings in the Alaska case. Once in either August or September 2007 for a hearing, and the second time in November 2007 for trial.

*Fawkes v. USA*
D.C. CR. NO. 2004-172
Memorandum Opinion
Page 9

Both times Fawkes was in the presence of Meade. Fawkes only recalls asking Meade about the status of his appeal at the August or September hearing, at which time Meade allegedly told him to focus on the Alaska case. Fawkes testified that he did not ask Meade about the appeal when he met with him again in November 2007. Fawkes also testified that nothing prevented him in 2008 from inquiring into the status of his appeal, yet he made no such inquires. Fawkes said he believed that in 2009 he had been trying to contact Meade via telephone at his office to ask about the appeal, but each time Meade's secretary said he was unavailable. Fawkes alleges that it was due to his unsuccessful attempts to reach Meade in 2009, that he wrote the December 2009 letter to the Court. Only then, Fawkes alleges, did he learn that no appeal of his sentence had been filed.

In *Flores-Ortega*, the Supreme Court held that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *United States v. Mabry*, 536 F.3d 231, 239-40 (3d Cir. 2008), quoting *Flores-Ortega*, 528 U.S. at 480. This Court does not find any credible basis or clear and convincing evidence

*Fawkes v. USA*
D.C. CR. NO. 2004-172
Memorandum Opinion
Page 10

indicating Fawkes expressly requested that Meade appeal his sentence. *Flores-Ortega*, 528 U.S. at 480 (holding that counsel is not *per se* ineffective for failing to file an appeal where the defendant has not clearly expressed whether or not he wished to file an appeal and counsel is not *per se* ineffective for failing to consult with her client regarding appeal). Therefore, the Court cannot find that Meade's performance in failing to file a notice of appeal fell below an "objective standard of reasonableness." *Strickland,* 466 U.S. at 686 (1984). Moreover, even if the Court were to accept Fawkes' allegations as true, he has not met his burden of convincing the Court that he exercised due diligence in discovering until more that three (3) years after sentencing that an appeal had not been filed on his behalf. *See* 28 U.S.C. § 2255, ¶ 6. The Court finds no merit in Fawkes' claims.

### III. CONCLUSION

For the reasons stated, the Court will grant the Government's motion to dismiss as time-barred, Fawkes' 28 U.S.C. § 2255 motion alleging ineffective assistance of counsel because his attorney failed to file a timely appeal of his sentence. A certificate of appealability is appropriate only if the petitioner "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). There being no "substantial showing" that

*Fawkes v. USA*
D.C. CR. NO. 2004-172
Memorandum Opinion
Page 11

Fawkes' constitutional right was violated, a certificate of appealability will not be issued. *See United States v. Eyer,* 113 F.3d 470 (3d Cir. 1997); 3rd Cir. Local Appellate Rule 22.2 (2011). An appropriate order follows.

**DATED** this <u>9</u> day of September 2011.

**E N T E R:**

/s/ Raymond L. Finch
_____
**RAYMOND L. FINCH**
**SENIOR DISTRICT JUDGE**