DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA   )<br>                               )<br>            v.                 )<br>                               )   Criminal Action No. 2004-0172<br> ISAIAH FAWKES,                )<br>                               )<br>            Defendant.         )<br>_____) | |

**Attorneys:**
**Alphonso G. Andrews, Esq.**
St. Croix, U.S.V.I.
   *For the United States*

**Isaiah Fawkes**
   *Pro Se*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THE MATTER is presently before the Court on Defendant Isaiah Fawkes's ("Defendant" or "Fawkes") "Motion for Compassionate Release" ("Motion") (Dkt. No. 118); Defendant's supplemental filing ("Supplement") (Dkt. No. 119); and the Government's Opposition to the Motion for Compassionate Release (Dkt. No. 121). For the reasons discussed below, Defendant's Motion will be denied without prejudice.

### I.   BACKGROUND

On August 15, 2005, Defendant Isaiah Fawkes pleaded guilty to one count of possession of cocaine with intent to distribute and one count of possession of a firearm by a convicted felon. On July 26, 2006, this Court sentenced Defendant to 120 months imprisonment for the narcotics conviction, to run consecutively with 87 months imprisonment on the firearm count. Defendant is

currently imprisoned at Federal Correctional Institute Coleman Low ("FCI Coleman") in Florida and has a scheduled release date of November 12, 2023. (Dkt. No. 121 at 2).

On May 28, 2020, Defendant's "Motion for Compassionate Release" ("Motion"), dated May 15, 2020, was filed, asking that the Court hold the Motion "in abeyance until 30 calendar days from May 15, 2020 in accordance with the waiting period set forth in [18 U.S.C. §] 3582." (Dkt. No. 118 at 1). Alternatively, Defendant asks that the Court waive the waiting period and consider the Motion immediately. *Id.* Defendant requests that the Court order "[his] release pursuant to 3582(c)[(1)(A)] for extraordinary and compelling reasons," including: the danger and the spread in prison of the COVID-19 virus; the non-violent nature of his crimes and his youth at the time the crimes were committed; the amount of his sentence already served; the need to assist his family; the acquisition of his GED and completion of vocational classes while in prison; and his employment as a plumber and laborer while in prison. *Id.* at 1-2. On June 3, 2020, a supplement to his Motion ("Supplement"), dated May 26, 2020, was filed, emphasizing the danger of the COVID-19 virus in FCI Tallahassee and the need to support his family. (Dkt. No. 119).

The Government opposes Defendant's Motion, arguing that Fawkes has not followed the statutory prerequisites to file a motion for compassionate release and he has not met the "extraordinary and compelling reasons" criteria for such release. (Dkt. No. 121 at 4-5). First, the Government argues that the Court may not consider this Motion because Fawkes has presented no evidence that he submitted a request for the Warden or the Bureau of Prisons to bring a Motion for Compassionate Release on his behalf, as required by 18 U.S.C. § 3582. *Id.* at 4. The Government further contends that Fawkes' request for the Court to hold the Motion in abeyance until thirty days after May 15, 2020 is an improper reading of the statute governing motions for compassionate release. *Id.* at 4-5. Second, the Government argues that there is no extraordinary or compelling

reason for the Court to grant this Motion. The Government contends that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *Id.* at 5 (quoting *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)). Further, the Government asserts that although "acquiring a G.E.D and honing of vocational skills is laudable," it is not an extraordinary and compelling reason for the Court to grant Defendant's Motion. *Id.* at 7.

## II. DISCUSSION

Once a federally-imposed sentence commences, a district court has limited authority to modify that sentence. One such authority is found in the First Step Act, which allows the court to consider a defendant's motion for compassionate release for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). This statute provides, in relevant part:

> The court may *not* modify a term of imprisonment once it has been imposed except that--
> (1) in any case--
> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility*, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> (i) extraordinary and compelling reasons warrant such a reduction ….

18 U.S.C. § 3582(c) (emphasis added).

Defendant does not argue that he has exhausted his administrative remedies as required by the statute and regulation. In this regard, he gives no indication in either his Motion or the Supplement that he has submitted a request for early release to the Warden at FCI Tallahassee where he was previously imprisoned, or FCI Coleman where he is currently imprisoned. (*See* Dkt.

3

Nos. 118; 119). Although he requests that the Court hold the motion in abeyance for thirty days from May 15, 2020 (Dkt. No. 118 at 1), there is no corresponding assertion that he made a request for early release to the Warden on that date. Nor is the Court permitted, as Defendant suggests, to waive the exhaustion requirement. (*See* Dkt. No. 118 at 1). As the Third Circuit concluded in *United States v. Raia*, the exhaustion requirement under the statute presents "a glaring roadblock" to the Court's consideration of Defendant's request for compassionate release at this point. 954 F.3d 594, 597 (3d Cir. 2020).

Although the danger posed by the COVID-19 pandemic is real and ongoing, the Court is limited by the existing statutory authority and binding Third Circuit precedent in the relief that it may grant. *See Raia*, 954 F.3d at 597. Accordingly, Defendant's Motion for Compassionate Release will be denied without prejudice.

An appropriate Order accompanies this Memorandum Opinion.

Date: July 8, 2020 _____/s/_____
WILMA A. LEWIS
Chief Judge